IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-cv-526-MHT-WC |
| | ) | |
| BARBARA THOMPSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Plaintiff's Motion for Default (Doc. 22). Plaintiff, proceeding *pro se*, moves for default judgment against Defendants arguing that "Defendants failed to answer the complaint within 21 days as stated on the summons/s complaint that was served on July 25, 2013. . . Based on defendants Certificate of Service, the answer/ motion was served on August 16, 2013. The 21 days expired on August 15, 2013." Mot. (Doc. 22) at 1.

A default judgment is available under Rule 55 of the Federal Rules of Civil Procedure only when a party "has failed to plead or otherwise defend" as provided by the Federal Rules. Fed. R. Civ. P. 55(a). However, "[t]he entry of a default judgment is committed to the discretion of the district court." *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985) (citations omitted). Moreover, "[b]ecause the entry of a default judgment is a drastic remedy, it is to be used sparingly and only in extreme conditions." *Anderson v. Georgia State Pardons & Parole Bd.*, 165 F. App'x 726, 728 (11th Cir.

2006) (citing *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316-17 (11th Cir. 2002).

The court finds that Defendants are not in default in this case. Defendants filed their responsive pleading, in the form of a motion to dismiss (Doc. 20), one day late. Such delay does not rise to the level of failure to plead or failure to defend the case. *See, e.g.*, *Jarvis v. Lowndes Co. Ga. Bd. of Cnty. Comm'rs*, 2010 WL 339802, at *1 (M.D. Ga. Jan. 22, 2010) (one-day delay in filing answer "does not rise to the level of failure to plead" or failure to defend the case).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's Motion for Default Judgment (Doc. 22) be DENIED and this case be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before September 6, 2013**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

2

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

    Done this 23rd day of August, 2013.

                                                 /s/ Wallace Capel, Jr.
                                                 WALLACE CAPEL, JR.
                                                 UNITED STATES MAGISTRATE JUDGE