IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES OWENS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-cv-526-MHT-WC |
| | ) | |
| BARBARA THOMPSON, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed his Complaint (Doc. 1) alleging claims under Title VII of the Civil Rights Act of 1964 for employment discrimination. The District Judge entered an Order referring this matter to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." Order (Doc. 19).

Before the court is Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 20). After reviewing Defendant's Motion to Dismiss, the court ordered plaintiff to amend his complaint to comply with Federal Rule of Civil Procedure 8. (Doc. 29.) Plaintiff then filed a response to the Motion to Dismiss. (Doc. 30.) The court again ordered Plaintiff to file an amended complaint that complies with Federal Rule of Civil Procedure 8 (Doc. 31), and Plaintiff filed a "Motion to Amend the Complaint." (Doc. 32.) Upon review of the pleadings, it is the Recommendation of the undersigned Magistrate Judge that Defendant's Motion (Doc. 20) be GRANTED.

## I.    STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002).  "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)); *see also Edwards v. Prime Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).  The former rule—that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)—has been retired by *Twombly*.  *James River Ins. Co.*, 540 F.3d at 1274.  Thus, the court engages in a two-step approach:  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  The court need not accept as true legal conclusions or mere conclusory statements.  *Id.*

## II.   BACKGROUND

On July 23, 2013, Plaintiff, proceeding *pro se*, filed a Complaint alleging "retaliation, age and workplace issues covered by [Title VII of] the Civil Rights act of

1964" and named as defendants the Montgomery County Board of Education[1] ("Board"), Barbara Thompson, Heather Sellers, Eleanor Dawkins, Melissa Snowden, Beverly Ross, Mary Briers, Robert Porterfield, W. Durden Dean, Veverly Arrington, Donald Dotson, Vickie Holloway, Ann Sippial, Kim Pitts, Sophia Johnson, and Ron Glover. Compl. (Doc. 1). Plaintiff alleged that, from January 2, 2013 through the present, "The [Board] and its agents have used retaliatory methods to derive, delay, and annoy the fifty-nine year old employee." *Id.* at 2. Plaintiff stated that he is "a twenty-eight year educator that was awarded a new three-year contract that the Board and its agents have failed or refused to allow to work without retaliation measures," including "rewriting section 16-24B-4 of the Alabama Teacher Accountability Act, micro-management, denied transfer to a more desirable position and denial of training opportunities." *Id.* Plaintiff did not include any additional facts in the Complaint.

Defendants filed a Motion to Dismiss for Failure to State a Claim or, in the Alternative, a Motion for More Definite Statement. (Doc. 20.) Plaintiff later filed a Motion to Amend the Caption of the Case (Doc. 27) to request clarification that Montgomery County Board of Education is an intended defendant in this case. The court issued an order granting Plaintiff's Motion to Amend the Caption. Order (Doc. 29). In the same Order, prior to ruling on the Motion to Dismiss, the court ordered Plaintiff to file an amended complaint that complies with Rule 8. *Id.*

Plaintiff did not file an amended complaint; rather, Plaintiff filed a response to

---

[1] In the Complaint, Plaintiff listed "Montgomery County Board of Education" as a defendant in the caption but then drew a line through those words and initialed the change. (Doc. 1) at 1. However, Plaintiff did refer to "[t]he [Board] and its agents" in the text of the complaint. *Id.* at 2.

3

Defendants' Motion to Dismiss. (Doc. 30.) In the response,[2] Plaintiff states,

> The [Board] and its agents are denying plaintiff of his rights to be a principal according to the law. While allowing a principal to be the chief administrator of a school without having a valid certificate. This is the systematic problem with the [Board]. Further the plaintiff has an agreement on file that the [Board] and its agents have deprived him of his rights to operate as a principle. This is an obstruction of justice, contempt, and breach of agreement.

*Id.* at 1. Further, Plaintiff asserts that Defendants have "taken part in an intentional scheme to deprive plaintiff of his rights as guaranteed by the Equal Protection Clause of the 14th Amendment" and that Defendants "saw it better to **fill a position with a person with** an **expired** certificate rather than abide by an agreement by the court." *Id.* at 4 (emphasis in original). Plaintiff states that retaliation against a person who files an EEOC complaint is unlawful and lists his age and race. *Id.* at 5. Concluding, Plaintiff asserts that the Board and its agents "intentionally discriminated and retaliated" against him, "reduced and place [sic] him in an environment where he cannot carry out his functions as a principal," and "intentionally deprived" Plaintiff "for filing an EEOC complaint and his age, among other factor [sic] of Title VII." *Id.* "This scheme employed involves breaking any and every law to achieve their purpose." *Id.*

The court again ordered Plaintiff to file amended complaint that complies with Rule 8 and specifies how and when Defendants discriminated and retaliated against him.

---

[2] The court notes that a plaintiff "may not supplant allegations made in [the] Complaint with new allegations raised in a response to a motion to dismiss." *Rule v. Chase Home Fin. LLC*, 2012 WL 1833394, at *4 (M.D. Ga. May 18, 2012) (citing *Irwin v. Miami–Dade Cnty. Pub. Schs.*, 2009 WL 465038, at *2 (S.D. Fla., Feb. 24, 2009) (citations omitted) (disregarding the new allegations and analyzing motion to dismiss under the assertions set forth in the Second Amended Complaint) and *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1330 (11th Cir. 2006) (holding court is limited to "reviewing what is within the four corners of the complaint on a motion to dismiss.")).

Order (Doc. 31).  Included in the court's order was the following warning:  "***Plaintiff is hereby warned that failure to comply with the court's order will result in the court's recommendation that Plaintiff's claim be dismissed***." (Doc. 31) at 2 (emphasis in original).

On November 7, 2013, Plaintiff filed a "Motion to Amend the Complaint" (Doc 32).  Although Plaintiff's pleading is styled as a "Motion to Amend" and Plaintiff fails to incorporate his previous Complaint, Plaintiff is clearly responding to the court's order to file an amended complaint, and, accordingly, the court will construe this document (Doc. 32) as Plaintiff's Amended Complaint.

Plaintiff's Amended Complaint makes the following allegations:  "[T]here was no proration for education during the time of the proposed school closing," (Doc. 32) at 1; "The [Board] and its agents failed or refused to provide an opportunity for comments and recommendations from citizens and school personnel," *id.*; and

> In the work assignment for Principal of 6th Grade at Capitol Heights Middle School, I do not have the authority, duties or responsibilities that would be associated with being a Contract Principal.  I have been stripped of the following in my present job assignment:  (a) Supervision of the daily operation and management of personnel[;] (b) Finances[;] (c) Facilities[;] (d) and other matters of the school or campus for which the principal or contract principal is responsible[;] (e) Instructional Leadership[;] (f) Evaluation for the education program.

*id.* at 2.  Plaintiff also includes the following entries, among others, in a chart format:

| | |
|---|---|
| Jan. 3, 2012 | [Plaintiff] assigned to Fews Program |
| October 31, 2012 | Denied professional leave- Detached Duty for Employees |
| Nov. 9, 2012 | No Notification for Meeting at E.D. Nixon |
| Jan. 15, 2013 | Principal removed (no due process) |

5

*Id.* at 2-3.  Lastly, Plaintiff explains,

> Mrs. Sophia Johnson micro-managed the Fews Program after the complaint to EEOC was filed in October of 2012.  It started October 18, 2012- Plaintiff had to notify of days of absenteeism.  Mrs. Johnson stated it was for payroll purposes.  However, the payroll was kept at the program by the secretary/bookkeeper.

*Id.* at 4.

## III.   DISCUSSION

Defendants make three arguments for dismissal of Plaintiff's case:  (1) Plaintiff's case should be dismissed for failure to state a claim upon which relief may be granted based on Plaintiff's "fail[ure] to name the [Board] as a party-defendant," *id.* at 2-3; (2) Plaintiff's case should be dismissed for failure to join a party under Federal Rule of Civil Procedure 19 based on Plaintiff having "struck [the Board] as a party-defendant," *id.* at 3; and (3) Plaintiff's case should be dismissed for failure to plead properly based on Plaintiff's failure to "specify how Defendants discriminated against him on the basis of his age, [or] identif[y] any comparators []or any facts showing he is entitled to any relief," *id.* at 3-4.

### A.   *Defendants' Motion to Dismiss for Failure to State a Claim upon which Relief Can be Granted*

Defendant argues that Plaintiff's case should be dismissed for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), based on Plaintiff's "fail[ure] to name the [Board] as a party-defendant." (Doc. 20) at 2-3.  Plaintiff's Motion to Amend the Caption to include the Board was granted.  Order (Doc. 29).  Thus, this issue is moot, as the Board is named as a party-defendant.

6

  **B.** *Defendants' Motion to Dismiss for Failure to Join a Party under Federal Rule of Civil Procedure 19*

Defendant argues that Plaintiff's case should be dismissed, pursuant to Federal Rule of Civil Procedure 12(B)(7), for failure to join a party under Federal Rule of Civil Procedure 19 based on Plaintiff having "struck [Board] as a party-defendant." (Doc. 20) at 3. Plaintiff's Motion to Amend the Caption to include the Board was granted. Order (Doc. 29). Thus, this issue is moot, as the Board is named as a party-defendant.

  **C.** *Defendants' Motion to Dismiss for Failure to Plead Properly Pursuant to Federal Rule of Civil Procedure 8, or, in the alternative, Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e)*

Defendants argue that Plaintiff's case should be dismissed, or a more definite statement ordered, for Plaintiff's failure to plead in compliance with Federal Rule of Civil Procedure 8. (Doc. 20) at 3-4. Specifically, Defendants argue that Plaintiff failed to "specify how Defendants discriminated against him on the basis of his age, [or] identif[y] any comparators []or any facts showing he is entitled to any relief." *Id.*

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain sufficient factual allegations to suggest the required elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295-96 (11th Cir. 2007). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will mere labels and legal conclusions withstand a 12(b)(6) motion to dismiss. *Id.* Under the standard articulated by the Supreme Court in *Twombly*, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In this case, Plaintiff has not alleged sufficient facts to state a claim for discrimination or retaliation under the Title VII of the Civil Rights Act. Plaintiff alleges a violation of Title VII based on retaliation and age discrimination; however, upon a liberal construction of Plaintiff's pleadings,[3] the court can only speculate as to the basis for Plaintiff's claims. Neither the Complaint nor the Amended Complaint include any facts that tell the court how Plaintiff feels he was discriminated against or retaliated against based on his age.

Despite the multiple opportunities to amend, the court is truly at a loss as to what conduct Plaintiff asserts as discriminatory or retaliatory, by whom that conduct was undertaken, and what harm Plaintiff suffered as a result. The Defendants' alternative request for a more definite statement is unnecessary here. Because Plaintiff has failed to allege sufficient facts that, if taken as true, allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, Defendants' Motion to Dismiss is due to be granted.

---

[3] "In the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). "While a complaint does not need detailed factual allegations, 'a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.'" *Simpson v. Zwinge*, 2013 WL 5340509, at *1 (11th Cir. Sept. 25, 2013) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### D.   *Individual Defendants*

In addition, Plaintiff's claims against the Individual Defendants in their individual capacities cannot be maintained. "The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991).

## IV.  CONCLUSION

Accordingly, it is

ORDERED that Plaintiff's "Motion to Amend" (Doc. 32) is hereby construed as Plaintiff's Amended Complaint. The clerk of the court is directed to docket the document styled "Motion to Amend" (Doc. 32) as Plaintiff's Amended Complaint. Further, it is

the RECOMMENDATION of the Magistrate Judge that Defendants' Motion to Dismiss (Doc. 20) be GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief can be granted.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before December 2, 2013**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 18th day of November, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE